

*Diana Vondra Carrig*
*Assistant U.S. Attorney*

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

CAMDEN FEDERAL BUILDING and
UNITED STATES COURTHOUSE
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101

856/757-5026
FAX 856/968-4917

DVC/PL AGR
USAO#2011R000389

December 8, 2011

Peter Alfinito, Esquire
1913 Greentree Road, Suite A
Cherry Hill, New Jersey 08003

Re: Plea Agreement with Tyren Ali    11 cr 752 (NLH)

Dear Mr. Alfinito:

This letter sets forth the plea agreement between your client, Tyren Ali, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer expires if not accepted by your Tyren Ali on or before December 9, 2011.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Tyren Ali to a one-count information charging him with conspiring to distribute crack cocaine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and in violation of 21 U.S.C. § 846. If Tyren Ali enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Tyren Ali for his possession and distribution of cocaine, crack cocaine and marijuana during the period from in or about March 2011 through May 19, 2011, including but not limited to Ali's possession and distribution of the following amounts of cocaine and crack cocaine on the following dates: (1) March 3, 2011 – 2.3 grams of powder cocaine; (2) March 10, 2011 – .49 grams of powder cocaine; (3) March 23, 2011 – 12.6 grams of crack cocaine; (4) April 13, 2011 – 52.2 grams of crack cocaine; (5) April 27, 2011 – 12.9 grams of crack cocaine; (6) May 5, 2011 – 10.7 grams of crack cocaine; and (7) May 19, 2011 – 6.5 grams of crack cocaine and .76 grams of marijuana.

Sentencing

The violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) to which Tyren Ali agrees to plead guilty carries a statutory mandatory minimum term of five years imprisonment, a statutory maximum prison sentence of 40 years, and a statutory maximum fine equal to the greatest of: (1) $5 million; or (2) twice the gross profits or other proceeds to Tyren Ali. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Tyren Ali is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Tyren Ali ultimately will receive.

Further, in addition to imposing any other penalty on Tyren Ali, the sentencing judge: (1) will order Tyren Ali to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Tyren Ali to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Tyren Ali, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 21 U.S.C. § 853; (5) may deny Tyren Ali certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (6) pursuant to 21 U.S.C. § 841, must require Tyren Ali to serve a term of supervised release of at least 4 years, which will begin at the expiration of any term of imprisonment imposed. Should Tyren Ali be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Tyren Ali may be sentenced to not more than 3 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Tyren Ali agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the Drug Enforcement Administration in the amount of $3,990.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Tyren Ali by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Tyren Ali's activities and relevant conduct with respect to this case.

Stipulations

This Office and Tyren Ali agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This

agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Tyren Ali from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Tyren Ali waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Tyren Ali. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Tyren Ali.

No Other Promises

This agreement constitutes the plea agreement between Tyren Ali and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: DIANA VONDRA CARRIG
Assistant U.S. Attorney

APPROVED:

JAMES P. LYNCH
Attorney In Charge, Camden

-4-

I have received this letter from my attorney, Peter Alfinito, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____             Date: 12/8/11
TYREN ALI

*Tyren Ali*                                          12/9/11

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____             Date: 12/8/11
PETER ALFINITO, ESQUIRE

## Plea Agreement with Tyren Ali

### Schedule A

1.  This Office and Tyren Ali agree to stipulate to the following facts:

    a. From in or about March 2011 through on or about May 19, 2011, Tyren Ali distributed and possessed with the intent to distribute at least 28 grams but less than 112 grams of a mixture and substance containing a detectable amount of crack cocaine, that is, cocaine base.

    b. Tyren Ali has accepted responsibility for his offense.

2.  If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.