# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Noel L. Hillman, U.S.D.J. |
| v. | : | Crim. No. 11-752 (NLH) |
| TYREN ALI | : |  |
|  | : |  |

## GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION FOR HOME CONFINEMENT AND COMPASSIONATE RELEASE

The Government writes in response to the Court's Order, ECF 70, permitting supplemental argument to clarify its responses to defendant Tyren Ali's motions for release on home confinement and compassionate release. For the reasons stated below and in the Government's initial response, ECF 63, both of Ali's motions were properly denied by the Court.

**I.  Ali Was Not Eligible For a Two-Level Sentencing Reduction Because His Applicable Guideline Range Was the Career Offender Guideline.**

Ali claimed he was entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2) because his sentence was based on a Guidelines range calculated using the Drug Guidelines in § 2D1.1, which were subsequently lowered by Amendment 782. *See* U.S.S.G. app. C, amend. 782 (Supp. Nov. 1, 2014). But Ali was not eligible for such a reduced sentence because he was a career offender and his applicable guideline range resulted from the Career Offender Guidelines in U.S.S.G. § 4B1.1, not the Drug Guidelines. Therefore, this Court properly interpreted the Guidelines and did not abuse his discretion in denying Ali's motion for a sentencing reduction based on Amendment 782.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a term of imprisonment only if two requirements are met. *See United States v. Martin*, 867 F.3d 428, 430-31 (3d Cir. 2017). First, the sentence must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Second, a reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Under the governing policy statement, defendants qualify for § 3582(c)(2) relief only if an amendment has "the effect of

lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In 2011, the Sentencing Commission issued Amendment 759, which amended § 1B1.10 to clarify that a defendant's "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 cmt. n.1(A); *see also Martin*, 867 F.3d at 431.

Ali meets the first prong of that requirement: his sentence was "based on" the crack guideline, which was subsequently amended. But, because his "applicable guideline range" was the Career Offender Guidelines range rather than the Drug Guidelines range, he was ineligible for a reduction. Here, this Court's finding at sentencing that Ali qualified as a career offender established his applicable guideline range. Under the Career Offender Guideline, based on a total offense level of 31 and Criminal History Category of VI, Ali's applicable range was 188 to 235 months. PSR ¶¶59, 118. Whereas, Ali's applicable range under Drug Guideline U.S.S.G. § 2D1.1(c)(7) (with a base offense level of 26 and Criminal History Category of VI) was 120 to 150 months. PSR ¶¶37, 38, 39, 56. Thus, Ali's higher offense level under the Career Offender Guidelines applied at sentencing, and his sentencing level was *not* reduced by the Amendment. As a result, Ali was ineligible for the two-level reduction just like the defendant in *Martin*. *See Martin*, 867 F.3d at 429 (holding that because defendant's applicable Guidelines range was the career offender range, he was not eligible for a reduced sentence under Amendment 782).

## II.     The Court Properly Denied Ali's Request for Home Confinement or Compassionate Release.

Ali, who was 38 years of age at the time he filed his motion, raised several health concerns including bouts of bronchitis, helicobacter pylori (a stomach bacteria which can cause peptic ulcers), as well as the after-effects of gunshot wounds he sustained in 2009 and 2011. He sought release to home confinement, but not compassionate release, from the warden at FCI Berlin. Further, Ali's motion to the Court, which was identical to his letter to the warden, likewise sought home confinement rather than compassionate release.

Because designation decisions–where an inmate will serve his sentence–are committed solely to BOP discretion, this Court lacked the authority to direct BOP to transfer Ali to home confinement. Once a sentence is imposed, BOP is solely

responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (*per curiam*); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993). Any request by Ali to serve out the balance of his prison sentence in home confinement alters only the place of incarceration, not the actual term of incarceration. Therefore, only BOP may grant or deny his request.

The BOP denied Ali's request for home confinement because: (1) Ali was a medium security prisoner as opposed to a low security prisoner; (2) Ali had a high pattern score, indicating a high risk of potential recidivism; and (3) Ali was asking to be released to home confinement in Atlantic City, New Jersey, an area which "is experiencing a significantly greater incidence of COVID-19 compared to northern New Hampshire," where Ali was then incarcerated. This Court was without power to alter the BOP's decision.

In addition, Ali failed to submit a request to the warden seeking compassionate release. Ali's failure to adequately exhaust his administrative rights precluded this Court from addressing the merits of his compassionate release request, once Ali made that request in his reply brief. A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). The exhaustion requirement is mandatory and "is not susceptible to any judicially created exceptions." *United States v. Epstein*, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *accord Raia*, 954 F.3d at 597; *see also United States v. Springer*, 820 F. App'x 788, 792 (10th Cir. 2020) (not published) (rejecting appeal of denial of compassionate release motion where defendant never sought compassionate release from BOP in the first instance).

Ali never requested compassionate release from BOP. Thus, BOP did not have thirty days to consider Ali's request to move for compassionate release on his behalf, and there has been no adverse decision by BOP for Ali to administratively exhaust within that time period. This failure to exhaust "presents a glaring roadblock

foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597. This Court's denial of Ali's motion for home confinement or compassionate release was docketed on November 2, 2020 as an "Order, Denying… Motion for Reduction of Sentence Under First Step Act 18 U.S.C. § 3582(c)(1)(A).…" *See* ECF 65.

Nothing prevents Ali from seeking compassionate release from the warden now so as to begin the process of exhausting his administrative rights. Indeed, even assuming Ali had exhausted his administrative rights, he has not shown "extraordinary and compelling reasons" to reduce his sentence within the meaning of § 3582(c)(1)(A) and the Sentencing Commission's policy statement, and the § 3553(a) factors weigh against leniency. Specifically, Ali does not present a medical condition that, according to CDC guidance, places him at enhanced risk during the current pandemic, and—despite his professed great concern for his safety if infected—has also declined to be vaccinated against Covid-19 on three separate occasions.[1] Finally, given the seriousness of Ali's drug trafficking offense, and his lengthy prior criminal history, the § 3553(a) factors weigh against early release. Thus, this Court would have acted well within its discretion to deny relief on that basis, as well. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020).

For these reasons set forth above and in the Government's brief ECF 63, this Court properly denied Ali's motions.

            Respectfully submitted,

            RACHAEL A. HONIG
            Acting U.S. Attorney

      By:  DIANA VONDRA CARRIG
         Assistant U.S. Attorney

Dated: December 6, 2021

---

[1] The Government will submit Ali's BOP medical records upon request of the Court.